————o————

## No. 6409.

## MRS. HENRY L. NICK vs. PONTCHARTRAIN RAILROAD COMPANY.

### Syllabus.

A carrier of passengers is held to the highest degree of care with respect to the facilities for entering and leaving cars.

Where the employees of a railroad leave a stepping box upon the platform of a car upon which a passenger, entering the car hurriedly, stumbles and is hurt, it is negligence on the part of the railroad for which it is liable.

It is not contributory negligence of a passenger not to have seen this box at a time when his mind was engrossed in securing a seat in the rush and crush of an excursion train.

Judgment amended by reducing the amount thereof to $350.00, and as thus amended that it be affirmed.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 107,413. Honorable T. C. W. Ellis, Judge.

Lyle Saxon, for plaintiff and appellee.

Denegre, Leovy & Chaffe and Henry McCall, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a personal injury case.

The plaintiff alleged that while she was boarding one of the cars of the defendant company on a Sunday morning on an excursion day she stumbled and fell over a stool such as is used for passengers to step on and off a train, but which had been negligently left on the platform of the car near the door by the employees of the defendant; that she sprained her ankle and bruised her leg, in consequence of which she suffered great pain and was confined to her room and bed for a period of three weeks and employed a physician; she estimates her damages as follows:

Doctor's bill, medicines, etc ................$100.00
Pain and inconvenience ...................... 500.00
Punitory damages ............. ............. 400.00
_____
$1000.00

For answer defendant alleges that its train was backed into the Louisville & Nashville Railroad Company's Station on Canal Street at 7:45 A. M., and though the train was not to leave until 8:05, the plaintiff negligently, with a great crowd of other passengers, rushed aboard the car, before the train was ready to receive passengers and before the train crew had an opportunity to place the train in readiness for passengers to board same; that plaintiff carelessly stumbled over the stepping-box which

was on the platform in plain view, but not in the way of passengers boarding the train at the proper time and in the proper manner.

There was judgment in favor of plaintiff for $500, and defendant has appealed.

The entering of the train into the station and its stopping there, was a clear unambiguous invitation to the public to board the cars as soon as they came to a standstill; the public were not obliged to wait until the hour of departure to get into the cars. There is no pretense that any one warned the public not to enter the cars, or that the employees of the defendant informed the public that the cars were not ready to receive passengers. If under the circumstances, the defendant was not ready to receive passengers, and they entered the cars without protest, warning, or hinderance, and an accident happened resulting from the unprepared condition of the train, it certainly was the fault of the defendant.

It will not do to say that the stepping-box which was on the platform was not in the way of passengers; the best proof that it was is the fact that the plaintiff stumbled over it on her way to the door of the car. **Res ipsa loquitur.** There is no evidence that plaintiff went out of her way to come in contact with it; she was on her way to enter the car to look for a seat, the purpose she had in view when she purchased her ticket. There is no doubt that defendant was in fault by leaving an obstruction in the cars in the way of passengers. ''It has been held that with respect to the facilities for entering and leaving the cars the carrier is responsible for the highest degree of care.''

**Am. & Eng. Law, Vo. Carriers of Passengers, 2nd Ed., p. 532; 6 Cyc., p. 611, 612.**

— 375 —

Nor can it be said that the plaintiff was guilty of contributory negligence, because the stepping-box was in plain view. The plaintiff had paid for a clear right of way from the station to a seat in the cars. It was the railroad's contractual duty to furnish such. Plaintiff had no reason to apprehend any obstruction in her course, and she was not bound to look for any. In the hurry and push, and rush and crush, that accompany the efforts of excited and overheated excursionists to secure a seat which it is not always the good fortune of every one to attain, the passenger looks forward and ahead, and not downward, because his prize does not lie in that direction. 118 La., 78. Besides it is probable that there were other people in front and around the plaintiff, between her and the offending stool, which prevented her from seeing it. The only question, therefore, is the amount of the damages.

Plaintiff is not entitled to punitory or exemplary damages, under the facts presented.

The only expense proven is the doctor's bill, $18. The item of medicines is stated to be probably $5, because the "treatment was hot water bags and flannel bandages."

The injury consisted of a "severe contusion of the skin bone of the left leg;" the plaintiff was confined to her room for about one month; was not in bed very many days; was unable to use her leg for about four weeks; the injury was very painful at the outset and plaintiff suffered considerably when the doctor first saw her.

In the case of Sissung vs. N. O. & W. Ry. Co., No. 6170, where plaintiff's injuries bore some resemblance to those here, we allowed $300, including $90 actual damages.

We think that a judgment of $350.00 will sufficiently compensate plaintiff in this case for her expense and sufferings.

It is therefore ordered that the judgment of the Court below be reduced to three hundred and fifty dollars, and, as thus amended, that it be affirmed, the plaintiff to pay the costs of appeal.

Opinion and decree, June 14th, 1915.